UNITED STATES, Appellant, v. Alex KUSNIERZ, Appellee.

Circuit Court of Appeals, Ninth Circuit. July 1, 1929.

No. 5747.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash. (Wm. Wolff Smith, General Counsel, and C. L. Dawson, Atty., U. S. Veterans' Bureau, both of Washington, D. C., and Lester E. Pope, Regional Atty., U. S. Veterans' Bureau of Seattle, Wash., of counsel), for the United States.

W. G. Beardslee and Graham K. Betts, both of Seattle, Wash., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. In its controlling substantive facts and the proceedings taken in the court below this case is analogous to United States v. Buzard (No. 5727) 33 F.(2d) 883, this day decided, and for the purposes of the present appeal must be deemed to be ruled thereby. Accordingly, the judgment is reversed, with directions to take further proceedings not out of harmony with the principles and conclusions stated in the opinion in that case.

UNITED STATES, Appellant, v. Donald H. CROSS, Appellee.

Circuit Court of Appeals, Ninth Circuit. July 1, 1929.

No. 5755.

Anthony Savage, U. S. Atty., and Tom De Wolfe, Asst. U. S. Atty., both of Seattle, Wash. (William Wolff Smith, General Counsel, U. S. Veterans' Bureau, and Lawrence A. Lawlor, both of Washington, D. C., and Lester E. Pope, of Seattle, Wash., Attys., U. S. Veterans' Bureau, of counsel), for the United States.

Ralph A. Horr and Edward K. Marohn, both of Seattle, Wash., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge. In its background this case is similar to United States v. Buzard (No. 5727) 33 F.(2d) 883, this day decided. In October, 1918, while he was in the Army, appellee took out $10,000 war risk term insurance, and paid the premiums thereon to September 1, 1919. Effective on the latter date he converted $5,000 thereof into a policy on the thirty-year endowment plan, and thereafter paid the premiums thereon to and including March, 1920. The other $5,000 of the original policy lapsed for failure of premium payments after September 1, 1919. Disregarding the subsequent transactions, the insured brought this suit upon the original policy, alleging total and permanent disability as of and from October, 1918. This the government denied, and set up the converted policy and the proceedings had in connection therewith as affirmative defenses. In his reply thereto, plaintiff did not suggest fraud or mistake in respect of the issuance of the converted policy, but alleged only that at the time it was taken out he "was already permanently and totally disabled," and that therefore the original policy had fully matured. He did not aver that either party had knowledge of that fact or acted in bad faith in assuming the contrary.

After proceedings similar to those described in the Buzard Case, there was a verdict for plaintiff, with a finding of total disability from August 31, 1919. Accordingly, judgment was entered for the full amount of the original insurance, from which the government appeals.

In respect of the $5,000 unconverted insurance, the case is identical with United States v. Buzard, supra, and is ruled thereby.

Touching the other $5,000, the facts are different in some particulars, but, to say the least, they are not more favorable to the insured. There are also some differences in the requested instructions refused by the court and in the instructions given, but in their controlling features they are substantially the same, and undoubtedly the case was submitted to the jury and decided upon the identical theory which, in the Buzard Case, we have held to be erroneous.

Accordingly, the judgment is reversed, with directions to take further proceedings not out of harmony with the opinion in that case.