888

## UNITED STATES v. ALLEN.

Circuit Court of Appeals, Ninth Circuit. July 1, 1929.

No. 5782.

George Neuner, U. S. Atty., and Francis E. Marsh, Asst. U. S. Atty., both of Portland, Or., for appellant.

Hugh E. Brady, of La Grande, Or., and Wilber Henderson, of Portland, Or., for appellee.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

WILBUR, Circuit Judge. Appellant brought this action at law alleging that, while he was insured under a war risk insurance policy issued by the United States government on August 1, 1918, for $10,000, he "contracted and developed kidney, bladder and eye diseases, and by reason thereof became totally and permanently disabled, and said plaintiff has ever since said time remained and now is totally and permanently disabled." The government's answer denies plaintiff's total disability, and by separate answer alleges that appellant's war risk insurance lapsed November 1, 1919, and that on September 16, 1922, plaintiff applied for reinstatement of said war risk insurance in the sum of $10,000, and that the government reinstated said insurance on said date; that in the application for reinstatement, as required by the director of the bureau of war risk insurance, appellant's application for reinsurance contained the statement that he was not totally and permanently disabled. It is alleged that the government relied and acted upon said statement in issuing the new policy, and pleads that appellant is estopped from asserting that on the 16th day of September, or prior thereto, he was permanently and totally disabled. The government alleged that the second policy of war risk insurance lapsed for nonpayment of premium. Appellant filed a reply to the answer, in which he alleges, among other things, as follows:

"That in making said application for reinstatement, the plaintiff filled out a form provided by the defendant and submitted to an examination by a physician acting for the defendant; that any and all representations contained in said application and pertaining to plaintiff's physical condition was based on the findings of said physician, and not otherwise; that the nature of plaintiff's disability at that time was unknown to him and was not ascertainable except through an examination by a skilled diagnostician; that plaintiff's interpretation of the questions contained in the said form of reinstatement was derived from said defendant's physician and any matter contained in said application and inconsistent with the allegations of plaintiff's complaint is attributable solely to and is the result of defendant's physician's advice and not otherwise."

The case was tried before a court and jury, and a verdict was rendered finding that the plaintiff was totally and permanently disabled on the 31st day of October, 1919, during the life of the original war risk insurance policy, and the court rendered judgment in accordance with the terms of that policy for the sum of $57.50 per month, payable in 240 monthly installments from the 1st day of November, 1919.

We have held in a recent case that a recovery for total and permanent disability cannot be had upon that portion of the original war risk insurance policy upon which there has been a renewal based upon the implied agreement that at the time of the renewal the veteran was not totally and permanently disabled. United States v. Edwin J. Buzard (case No. 5727) 33 F.(2d) 883; United States v. Donald H. Cross (case No. 5755) 33 F.(2d) 887; United States v. Alex Kusnierz (case No. 5747) 33 F.(2d) 887, all decided July 1, 1929. Under the authority of these cases, in order to recover upon the first policy on the ground of total and permanent disability occurring during the life of that policy, it is necessary to rescind the renewal policy upon the ground of fraud or mistake before recovery can be had in an action at law upon the original policy. In this case the reply of the appellee to the government's answer somewhat inartificially alleged mutual

mistake. If the case had been tried on the theory that that issue was involved in the case, the judgment perhaps might be affirmed, but, as it was tried on the theory that the question involved was whether or not the appellant was estopped to recover upon his first policy by reason of the statement he had made in securing his second policy to the effect that he was not at that time totally and permanently disabled, the judgment must be reversed, with directions to take further proceedings not out of harmony herewith.

Judgment reversed.