456

## MARKER v. UNITED STATES.
### No. 1054.

District Court, D. Idaho, C. D.
Jan. 25, 1930.

See, also, 43 F.(2d) 457.

Hawley & Worthwine, of Boise, Idaho, for plaintiff.

H. E. Ray, U. S. Dist. Atty., and Ralph R. Breshears, Regional Atty., U. S. Veterans' Bureau, both of Boise, Idaho, for the United States.

CAVANAH, District Judge.

Plaintiff brings this action upon a $10,000 policy of war risk insurance, and alleges that he became totally and permanently disabled during the time it was in force. Defendant demurs to the amended complaint, and asserts that as the complaint shows that on July 1, 1927, plaintiff converted the original policy into a five-year life insurance policy, his rights, if any, are on the converted policy and not on the original policy. This is the sole question presented upon the demurrer.

As appears from the amended complaint, plaintiff, on 'May 26, 1918, enlisted for military service in the United States Army, and between that date and his honorable discharge on January 9, 1920, there was issued to him the original policy, upon which he continued to pay the premiums until July 1, 1927, when the converted policy was issued, upon the suggestions and advice of the defendant, through the Veterans' Bureau, which plaintiff offers to surrender upon payment of the original policy.

The Act of June 2, 1926, 44 Stat. 686 [38 USCA § 512]), amending the World War Veterans' Act 1924, § 301, provides:

"Except as provided in the second paragraph of this section, not later than July 2, 1927, all term yearly renewable insurance held by persons who were in the military service after April 6, 1917, shall be converted, without medical examination, into such form or forms of insurance as may be prescribed by regulations and as the insured may request."

This act, as amended, has recently been considered by the Circuit Court of Appeals for the Ninth Circuit in cases where the question here involved was disposed of, and the court, when in construing the War Risk Insurance Act, as amended, said in the case of United States v. Buzard, 33 F.(2d) 883, 886:

"We are considering only the question whether or not the finding here of total and permanent disability is ipso facto conclusive against the defenses pleaded by the government. That was the only issue of fact submitted to the jury or determined in the court below. We are of the opinion that, under the circumstances assumed, and in the absence of actionable fraud or mistake, the contract of converted insurance would become a substitute for, and supersede, the earlier contracts in respect of the $5,000 covered thereby. If it was entered into through fraud or mistake, it may be rescinded or avoided by appropriate proceedings under principles applicable to such cases. No attempt has been made to accomplish that result, and, so far as appears, the contract is outstanding, and under it plaintiff may have certain rights and the government certain obligations. These rights plaintiff has not offered to surrender."

At the same term of court the cases of United States v. Kusnierz, 33 F.(2d) 887; United States v. Cross, 33 F.(2d) 887; and United States v. Allen, 33 F.(2d) 888, were decided by that court, in which the proceedings were similar, and the same question was decided in the Buzard Case, and the cases were ruled by the Buzard Case. In the Allen Case the court again said:

"We have held in a recent case that a recovery for total and permanent disability cannot be had upon that portion of the original war risk insurance policy upon which there has been a renewal based upon the implied agreement that at the time of the renewal the veteran was not totally and permanently disabled, United States v. Edwin J.

Buzard (case No. 5727) 33 F.(2d) 883; United States v. Donald H. Cross (case No. 5755) 33 F.(2d) 887; United States v. Alex Kusnierz (case No. 5747) 33 F.(2d) 887, all decided July 1, 1929. Under the authority of these cases, in order to recover upon the first policy on the ground of total and permanent disability occurring during the life of that policy, it is necessary to rescind the renewal policy upon the ground of fraud or mistake before recovery can be had in an action at law upon the original policy."

In the recent case of Franks v. United States, (D. C.) 43 F.(2d) 455, Judge Bean, when in disposing of this question, said:

"How the substituted contract is a more advantageous contract from the view point of the assured than the original contract, and in my opinion, in the absence of actual fraud or mistake, the substituted policy became a substitution for and superseded the earlier contract. Such is the holding of the Circuit Court of Appeals of this circuit in the Buzard Case, 33 F.(2d) 883. This, it is true, is a case of reinstatement of a policy, but in my opinion, the same rule would apply to a converted policy, and therefore the demurrer will be sustained."

But it is urged by the plaintiff that the language used in the Buzard Case, after referring to the rights of plaintiff under the converted policy that he had not offered to surrender it, indicates that the court has held that if a converted policy was surrendered by the insured he could then maintain his action upon the original policy. The express language used by the court in the Buzard Case that "in the absence of actionable fraud or mistake, the contract of converted insurance would become a substitute for, and supersede, the earlier contracts in respect of the $5,000 covered thereby," and the language used in the Allen Case that "it is necessary to rescind the renewal policy upon the ground of fraud or mistake before recovery can be had in an action at law upon the original policy," clearly decides that the converted policy supersedes the original contract in the absence of fraud or mistake, as a definite statement is not made by the court that if plaintiff surrenders his rights under the converted policy he could then recover on the original policy.

The amended complaint not containing any allegation that there was any fraud or mistake in the issuing of the converted policy, the demurrer must be sustained.