## MARKER v. UNITED STATES.

### No. 1054.

District Court, D. Idaho, C. D.
June 10, 1930.

Hawley & Worthwine, of Boise, Idaho, for plaintiff.

H. E. Ray, U. S. Dist. Atty., and Ralph R. Breshears, Regional Atty., U. S. Veterans' Bureau, both of Boise, Idaho, for the United States.

CAVANAH, District Judge.

This suit is now before the court upon issues of fact presented by the second amended complaint, answer of defendant, reply of plaintiff, the evidence appearing in a stipulation and oral testimony taken. A demurrer to the first amended complaint was sustained upon the ground that it appeared therefrom

that plaintiff, on July 1, 1927, converted the original policy into a five-year life insurance policy, and that his rights, if any, were on the converted policy and not on the original policy, and in the absence of actionable fraud or mistake the contract of converted insurance would become a substitute for, and supersede, the earlier contract. Memorandum opinion Jan. 25, 1930, 43 F.(2d) 456. Plaintiff now alleges in his second amended complaint, and reply, that while he was totally and permanently disabled he was ignorant of his rights under the original policy, and continued to pay premiums thereon until July 1, 1927, when, acting upon the suggestions and advice of the defendant, he, on July 1, 1927, by a mutual mistake of law and fact of plaintiff and defendant, converted the original policy into a five-year life policy, and now tenders the converted policy to defendant and offers to surrender all his rights thereunder. The defendant in its answer takes issue with the plaintiff and asserts that about June 1, 1918, the original policy was issued, and on account of nonpayment of premiums thereon, it lapsed on February 1, 1920, and thereafter, on application of plaintiff, there were from time to time issued to him reinstated contracts of insurance, and the converted policy, and as a basis thereof it was assumed by him and defendant that he was not then permanently and totally disabled, and therefore plaintiff is now estopped to assert or claim any rights under the original policy. The evidence discloses the dates of the issuance of the original, reinstated, and converted policies as alleged in the pleadings, thus leaving for interpretation the evidence as to whether or not the contract of converted insurance was entered into through fraud or mistake.

The testimony bearing upon this issue relates to the evidence of the plaintiff, where he states that the reason he did not demand payment of his original policy at the time he applied for the converted policy was that he did not think he was totally and permanently disabled, as he had received a letter from the Chairman of the Board of Appeals of the United States Veterans' Bureau at Seattle, Wash., in reply to his letter, being Plaintiff's Exhibit No. 15, stating that to be permanently and totally disabled he would have to have lost both legs, or both arms, or both eyes, or so sick as to be unable to do anything, and also relied upon what his insurance officer told him at the hospital, that if he was entitled to the insurance they would notify him; that the only notice he received as to his original policy expiring, unless it was converted,

was in a newspaper article in one of his home papers, wherein it was stated: "Veterans' Insurance—Last Call. State Commander Ernest W. Ellis, has received word that the week of January 31 to February 7 has been named in a proclamation by President Coolidge as a period for nationwide effort to induce all ex-service men to reinstate their lapsed war risk insurance. The date for reinstatement of yearly renewal term insurance has been extended to July 2, 1927, after which the insurance cannot be reinstated. 'Many veterans do not seem to know about the continuance of the War Risk Insurance after the war,' the president said, 'and its conversion within a limited time into such form or forms of insurance usually issued by life insurance companies.'" That it was in May, 1929, when he first heard of Government Regulation No. 11, and the definition of permanent and total disability contained therein.

The evidence seems to show that the plaintiff is now and was, within the meaning of the definition given in Regulation No. 11, permanently and totally disabled during the life of the original policy, as he was struck while in the service with fragments of high explosive shell which inflicted severe injuries upon him.

There remains then one question for decision, as to whether the plaintiff is now estopped from a recovery upon the original policy by reason of having reinstated and converted the original policy into a term life insurance policy. If the converted policy "was entered into through fraud or mistake, it may be rescinded or avoided by appropriate proceedings under principles applicable to such cases." U. S. v. Buzard (9 C. C. A.) 33 F.(2d) 883, 886; U. S. v. Allen (9 C. C. A.) 33 F.(2d) 888. In the amended complaint and plaintiff's reply, sufficient facts are alleged showing that the converted policy was entered into through mutual mistake, and he there offers to surrender all of his rights thereunder to the defendant. The undisputed evidence offered by him discloses that he was one of little education and ignorant of his legal rights, as he had worked upon a farm all of his life and did not go to school very much, and at the time he applied for the converted insurance he did not think he was permanently disabled, as he relied upon what the government insurance officer told him at the hospital and the reply of the Veterans' Bureau to his letter, where he asked for a review by the Board of Appeals for a permanent and total rating, and in reply

thereto he received the letter referred to. He became permanently and totally disabled while in the service and during the life of the original policy, and when he was discharged from the army he was advised by the government insurance officer at the hospital, and by the United States Veterans' Bureau, that he was not permanently and totally disabled unless he had lost both legs, or both arms, or both eyes, or so sick as to be unable to do anything. Relying then upon that advice, and believing it, and observing the newspaper article referred to which was published February 3, 1927, he applied for the converted policy. When he stated in his applications for the reinstated and converted policies that he was not permanently disabled, and which is implied by the applications, he was then induced by the representations and advice of the government doctors and agents. Those doctors knew more about the prospects of his recovery than he did. They were, no doubt, honest in their belief, but were mistaken, as now appears by the evidence. Certainly under such circumstances the government cannot claim estoppel against the insured, who relied upon such representations that induced the misstatements he made. He is not required to demand cancellation of the converted policy before maintaining this suit on the original policy. U. S. v. Golden (C. C. A.) 34 F.(2d) 367. The principle applicable here is that where the parties contracted under a mutual mistake and misapprehension as to their relative and respective rights, the agreement should be set aside and the party benefited by the mistake cannot in conscience retain the benefit or advantage so acquired. After reading the evidence in this case, I cannot avoid the conclusion that the plaintiff was ignorant of his legal rights, and that a mutual mistake of both law and fact was made by him and the agents of the government. Both believed that the plaintiff was not entitled to recover under the original policy, and therefore under that belief the reinstated and converted policies were applied for and issued. Equity ought to permit the plaintiff under such circumstances to surrender the converted policy and grant to him relief under the original policy.

A decree will be entered rescinding and canceling the outstanding policy of government term insurance No. K-681.860, issued to the plaintiff, and that the same be surrendered by the plaintiff to the defendant, and for the relief prayed for in plaintiff's amended complaint.